# Jenkins *v.* McGeever, *et al.*

## *Garnishment.*

(Decided May 24, 1900. Rehearing denied June 30, 1909.
50 South. 142.)

1. *Appeal and Error; Finding of Court.*—Where the court makes a finding of facts in a case tried by it without a jury, such finding will not be disturbed if there is sufficient evidence to support the judgment. In other words, unless the party against whom the findings were made would be entitled to the affirmative charge if the case had been tried by a jury, the finding of the court will not be disturbed.

2. *Garnishment; Denials of Answer; Issues.*—The question whether or not the garnishee was indebted to the principal defendant at the time of the service of the writ as well as at the time of the answer is an issue included in the denials of the answer.

3. *Garnishment; Evidence.*—The garnishee answered first admitting an indebtedness of $241.38, and suggested claimants, none of whom appeared; afterwards the garnishee amended his answer ad-

mitting an indebtedness, and on the trial testified that he was not indebted, but did not testify that he was not indebted at that time. Held, that an order discharging the garnishee on such evidence was erroneous.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

R. M. Jenkins sued the principal defendant in assumpsit and had garnishment in aid of suit against P. J. McGeever and others. After answer as set forth in the opinion, a judgment was entered discharging McGeever as garnishee, and plaintiff appeals. Reversed and remanded.

GEORGE HUDDLESTON, for appellant.—The answer of the garnishee is in effect, admission of a party against interest and is entitled to full weight, and will not be regarded as a mere pleading.—*Myatt v. Lockhart,* 9 Ala. 91; *Prince v. Mazange,* 31 Ala. 701. The answer of a garnishee creates a lien on the demand owing from the garnishee which cannot be impaired by any arrangement or transaction between the defendant and the garnishee or by any action of either. The debt is transferred to the plaintiff, and it becomes quasi, his debt.—*Huie v. Garrett,* 10 Ala. 299; *White v. Simpson,* 107 Ala. 366. On application for rehearing, counsel insist that the cause should have been reversed and remanded, and cites in support thereof.—Sec. 2890, Code 1896; *Campbell v. May,* 31 Ala. 557; *Kyle v. Carabello,* 103 Ala. 150.

JOHN H. MILLER, and W. H. WOLVERTON, for appellee.—In garnishment the plaintiff is the actor and the onus is on him.—*Sevier v. Throckmorton,* 33 Ala. 512.; *Lehman v. Hudmon,* 79 Ala. 532. The action of the court in allowing an amendment to answer is not revisable.—*Buford v. Welborn,* 6 Ala. 818; *Roman v. Baldwin,* 119 Ala. 257. The plaintiff having introduced the

[Jenkins v. McGeever, et al.]

evidence in the answer that there were claimants it became his duty to see that these claimants were brought in and having taken no such step, cannot complain if the garnishee is discharged.—*Mock v. King,*. 15 Ala. 66. Causes tried by the court without a jury will not be disturbed unless plainly erroneous.—108 Ala. 24; Id. 477; 105 Ala. 340; 119 Ala. 64; 131 Ala. 568.

MAYFIELD, J.—This is an appeal by the plaintiff from a judgment in the lower court discharging P. J. McGeever, garnishee. The trial was had by the court without a jury. There is but one material question involved in this appeal; that is, whether or not there was sufficient evidence introduced on the trial below to support the finding and judgment of the city court discharging the garnishees. The facts being tried by the court without a jury, no special finding being required, the judgment must be affirmed, if there was sufficient evidence to support the judgment. In other words, unless the general affirmative charge could have been given in favor of the plaintiff, had there been a jury trial, this judgment must be affirmed. We have examined the record very carefully, and we find no sufficient, if any, evidence to support the judgment. Consequently it must be reversed, and the cause remanded.

The trial was had on a contest of the answer. The writ was served on the garnishee November 4, 1904. On November 11, 1904, he answered that he was indebted to the defendant Smith in the sum of $241.38, and suggested sundry claimants. None of these claimants ever appeared or made claim to the fund, nor is it contended that any part of this indebtedness was ever paid by the garnishee to any one of these claimants the only reference to any claimants being in garnishee's answer, and no question was raised upon the final contest of his an-

[Jenkins v. McGeever, et al.]

swer as to such claimants. On January 9, 1907, the garnishee filed an amended answer, admitting an indebtedness of $102.38. The contest to this answer was filed on January 10, 1907. On October 22, 1907, garnishee again amended his answer, and denied any indebtedness whatever. On the same day plaintiff filed contest of this answer, and an issue was made up and the trial had upon this issue. The plaintiff introduced the garnishee's original answer, filed on November 11, 1904, admitting an indebtedness of $241.38 at the time of the service of the writ of garnishment and at the time of making that answer. Garnishee then offered in evidence a contract, dated September 15, 1904, executed between him and the defendant Smith, by which the defendant agreed to repair certain buildings for a contract price of $1,100. The contract provided that the work should be completed by October 15, 1904, and that payment should be made as the work progressed. The garnishee, being examined as a witness in his own behalf, testified as follows: "I am the garnishee in this case. I am not indebted to the defendant G. H. Smith. He is indebted to me $25 or $30 under that contract. That is the only contract I ever had with him. I have paid defendant Smith all I owe him under this contract."

This was all the evidence in the case, and on this evidence the court rendered a judgment discharging the garnishee. In this we think the court was clearly in error. The issue made up, as provided by the Code, on this contract, was whether or not the garnishee was indebted at the time of the service of the writ upon him, as well as at the time of the making of his answer. There was no evidence whatever to show that he was not indebted to the defendant at the time the writ was served upon him; but it affirmatively appears from his own answer and affidavit that he was indebted at that

time. True, he swears positively that he was not indebted to the defendant at the time of the trial and at the time of making his last amended answer; but there is no evidence whatever that he was not indebted to the defendant at the time the writ of garnishment was served upon him. If his answers and his evidence be true (and that was the only evidence in this case), he was indebted to the defendant at the time the writ was served upon him, and would be indebted to him under a contract then existing, but that he had discharged the indebtedness by paying the defendant after the service of the writ of garnishment upon him and before the time of trial. This he could not do and avoid liability.

For the error indicated, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.